IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome S. Garcia, | ) C/A No.: 3:22-2266-MGL-SVH |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER AND NOTICE |
| Kevin A. Shwedo, SCDMV Director and Michael Leach, DSS Child Support Director, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Jerome S. Garcia ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against South Carolina Department of Motor Vehicles ("SCDMV") Executive Director Kevin A. Shwedo and South Carolina Department of Social Services ("DSS") Child Support Director Michael Leach (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff alleges he was refused a South Carolina driver's license in 2011 because of a child support order from New Mexico, but that he was not notified because he had moved back to New Mexico. [ECF No. 1 at 10]. He claims he

returned to South Carolina in 2017 and DSS "attempted to infringe upon my Bill of Rights by having me sign a Voluntary Parental Agreement in a Negotiation Conference held by child support." *Id.* Plaintiff says he refused to sign the agreement and the family court judge "defaulted" him. He generally alleges the family court denied him due process. *Id.*

Plaintiff also alleges he was arrested and incarcerated several times for driving with a suspended license. *Id.* at 12. After paying the fines and having his license reinstated, he claims he received a letter from Shwedo advising him his license had been suspended again because he failed to pay child support. *Id.* He alleges he told Shwedo his denial of due process rights, but he has not heard from Shwedo or Leach.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim

based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    No Supervisory Liability Under § 1983

The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Because Plaintiff fails to allege any specific actions or inactions against Leach, he is entitled to summary dismissal. In addition, the limited allegations against Shwedo—that he advised Plaintiff by letter that his license had been suspended for failure to

4

pay child support—do not state a constitutional claim. Therefore, Shwedo is also subject to summary dismissal.

    2.    The *Rooker-Feldman* doctrine

Under the *Rooker-Feldman* doctrine, this court may not review findings or rulings made by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997). The *Rooker-Feldman* doctrine extends not only to issues actually decided by a state court, but also to those that are "inextricably intertwined with questions ruled upon by a state court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 857–58 (4th Cir. 2001). This prohibition includes constitutional challenges. *See Curley v. Adams Creek Associates*, 409 F. App'x 678 (4th Cir. 2011).

The Supreme Court clarified the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005):

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court

5

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 284; *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the *Rooker-Feldman* doctrine does not apply."). Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments. *Exxon*, 544 U.S. at 283; *see also* 28 U.S.C. § 1257. To the extent the claims in Plaintiff's complaint challenge rulings made by a South Carolina state court, these claims should be summarily dismissed.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **August 24, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint,

6

the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

      IT IS SO ORDERED.

August 3, 2022                                     Shiva V. Hodges
Columbia, South Carolina             United States Magistrate Judge